UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>JOSEPH F. GAGLIANO<br>DOMINICK GULLO,<br><br>   Defendants. | CRIMINAL DOCKET<br><br>NO. 14-117<br><br>SECTION "L"<br><br>MAG. 2 |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS

**May It Please The Court:**

The government, in its opposition to Mr. Gullo's motion to suppress, seeks to avoid an evidentiary hearing primarily on the basis of the decisions in *Colorado v. Bertine,* 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987) and *United States v. McKinnon*, 681 F3d 203, (5th Cir. 2012), insofar as these matters involved inventory searches, and *United States v. Harrelson*, 705 F.2d 733, 737-38 (5th Cir. 1983), as it relates to factual pleadings. However, the facts of the instant matter and those of *Bertine, McKinnon* and *Harrelson* are clearly distinguishable.

In the matter before this Court, the vehicle in question was not parked in a public place or in a high crime area. It did not pose a traffic hazard or potential impediment to traffic. Further, while the government contends the police officers had no choice but to tow the vehicle because of the alleged absence of proof of insurance, the statute relied-upon by the government (Gov't Ex. 2, R.S. 32: 683.1 C (2)) provides for a situation in which the vehicle is not impounded. Thus, it is submitted, this is not a situation in which the officer has no discretion. According to this statute, the officer can choose to impound or not.

Also, the investigating officers had determined Mr. Gullo was going to be given a summons for possession of a stolen license plate, rather than be arrested and jailed. As stated by the investigating officers in their Report, Item # E-06446-14, (Gov't Ex. 6, p.6): "AT THE TIME THE ABOVE EXPLAINED INVESTIGATION APPEARED TO BE MERELY A VEHICLE BEING OPERATED WITH A STOLEN LICENSE PLATE, GULLO WAS ALLOWED TO EXIT FROM THE REAR OF MY POLICE VEHICLE, REMOVED FROM HANDCUFFS AND WALK TO HIS FRONT PORCH WHERE HE SAT, …..IT WAS AFTER THIS TIME THAT THE DISCOVERY OF THE WEAPON, AMMUNITION AND SOUND SUPPRESSOR WAS MADE."

The only evidence needed to prove a charge of possession of a stolen license plate would be the plate itself, which the deputies already had, and the testimony of the rightful owner of the plate. Since the alleged owner of the stolen plate had already been identified through records of the JPSO (Item # B-3111-14), there was nothing further the deputies needed to prosecute Mr. Gullo for the possession of a stolen license plate. Consequently, there was no need for the deputies to seek any additional evidence of a crime; and according to their report, they did not, at that time, suspect Mr. Gullo of any other criminal activity. The

deputies knew, according to their report, the van in question was not reported stolen; and they had no information to refute Mr. Gullo's assertion of just recently purchasing the vehicle.

Unlike the facts of this case, the situation in *McKinnon,* as stated by the Court: "It is undisputed that the neighborhood in which the stop occurred had experienced a series of burglaries. Although these were house burglaries, there is nothing to suggest that the vehicle would not have been stolen or vandalized if left parked and locked at the scene. By impounding the vehicle, Zia ensured that the vehicle was not left on a public street where it could have become a nuisance, and where it could have been stolen or damaged. Thus, Zia's conduct falls within the community caretaking function." According to the JPSO report, there is no indication of the van's location being in a crime area or that it was parked on a public street. In fact, the van was parked in the driveway of Mr. Gullo's residence.

Also, in *McKinnon*, even though the inventory search was upheld, the court discussed: "an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence." *Florida v. Wells,* 495 U.S. 1, 4, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990). "In order to prevent inventory searches from concealing such unguided rummaging, [the] Supreme Court has dictated that a single familiar standard is essential to guide police officers, who have only limited time and expertise to reflect on and balance the social and individual interests involved in the specific circumstances they confront." *United States v. Lage,* 183 F.3d 374, 380 (5th Cir.1999) (quoting *United States v. Walker,* 931 F.2d 1066, 1068 (5th Cir.1991) (internal quotation marks omitted)).

"Thus, an inventory search of a seized vehicle is reasonable and not violative of the Fourth Amendment if it is conducted pursuant to standardized regulations and procedures that are consistent with (1) protecting the property of the vehicle's owner, (2) protecting the police against claims or disputes over lost

or stolen property, and (3) protecting the police from danger." *Lage,* 183 F.3d at 380 (citing *United States v. Hope,* 102 F.3d 114, 116 (5th Cir.1996)). These standardized regulations and procedures must "sufficiently limit the discretion of law enforcement officers to prevent inventory searches from becoming evidentiary searches." *United States v. Andrews,* 22 F.3d 1328, 1336 (5th Cir.1994) (citation omitted).

However, as our courts have uniformly held:  "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (footnote omitted) *Arizona v. Gant*, 556 U.S. 332, 333-35, 129 S. Ct. 1710, 1714, 173 L. Ed. 2d 485 (2009).

In the matter before this Court, the defendant, Mr. Gullo, has alleged facts, not conjecture or speculation, which should entitle him to the relief which he is seeking.  These facts are based, not on his beliefs, but on the facts set forth in the report of the investigating officers.  The officers state they were just going to give Mr. Gullo a summons for possession of a stolen license plate; and only after the search of the van and discovery of the items sought to be suppressed, do they change to an arrest for lack of proof of insurance and possession of the stolen license plate.  The defendant's motion to suppress also alleges he was never asked for proof of insurance; and, had he been asked, he would have given the officers proof that he had liability insurance for the vehicle in question.

The government claims the proof of insurance must identify the vehicle itself.  However, it is submitted, the proof of insurance covers the individual operating the vehicle; it is the individual who is ticketed for no proof of insurance, not the vehicle.  If the government's claim is accepted, then what is someone operating a rented vehicle, while relying on his or her own liability

insurance, supposed to do?  No one is legally allowed to operate a vehicle unless the vehicle is covered by liability insurance; and if you have liability insurance for a vehicle, that insurance also applies to any vehicle which you are operating with the consent and permission of its owner.  That is the factual situation which was alleged herein; and it presents a factual dispute to be decided after an evidentiary hearing in this matter.  The facts of this case are clearly distinguishable from those which existed in *United States v. Harrelson*, 705 F.2d 733, 737-38 (5th Cir. 1983); and that decision should not be controlling in this matter.

The facts of this matter, as alleged in Mr. Gullo's motion to suppress, point to the "inventory search" being a pretext in order to justify the actions of the investigating officers. Once the officers decided to just issue a summons to Mr. Gullo, meaning he was not going to be arrested, there was no reason for an "inventory" of the van.  Even if he was going to be arrested, there was still no reason for an inventory of the van.  This was not a high crime area, or at least the police report is silent as to this; and the van was parked in the driveway of Mr. Gullo's residence. Further, the deputies already had the only evidence of the crime of possession of a stolen license plate, namely the plate itself and the identity of the plate's owner.  Therefore, there was no need or reason for any additional investigation.  In essence, the facts of this case do not justify an "inventory search" of the van in question; and an evidentiary hearing is necessary in order to determine whether or not the facts of this case justify the warrantless search and seizure of evidence to be used against Mr. Gullo in the prosecution of this matter. <u>United States v. Howell</u>, 231 F.3d 615, 620 (9th Cir. 2000). <u>United States v. Irwin</u>, 612 F.2d 1182, 1187 (9th Cir. 1980).

Respectfully submitted,

**THE HAND LAW FIRM, APLC**

By:/s/ G. Patrick Hand, Jr.
G. Patrick Hand, Jr., Esq.
LA BAR NO.: 6499
901 Derbigny Street
Gretna, LA  70053
(504) 362-5893 *Phone*
(504) 367-4620 *Fax*
gpatjr@truetitle.net
*Attorney for Defendant Dominick Gullo*

### *CERTIFICATE OF SERVICE*

**I HEREBY CERTIFY** that on September 2, 2014, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to the following:  William J. Quinlan, Jr., Assistant United States Attorney, 650 Poydras Street, 16th Floor, New Orleans, Louisiana  70130.

By: */s/ G. Patrick Hand, Jr.*
G. Patrick Hand, Jr.